UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CALIFORNIA STATE GRANGE; CALIFORNIA FORESTRY ASSOCIATION; and CALIFORNIA CATTLEMEN'S ASSOCIATION,

    Plaintiffs,

  v.

GALE A. NORTON, Secretary of the Interior; UNITED STATES FISH AND WILDLIFE SERVICE; and MATTHEW J. HOGAN, Acting Director, U.S. Fish & Wildlife Service,

    Defendants.

CENTER FOR BIOLOGICAL DIVERSITY, a non-profit corporation, FRIENDS OF OCEANO DUNES, INC., a California not-for-profit corporation,

    Applicants for Intervention.

NO. CIV. S 05-0560 MCE PAN

ORDER

----oo0oo----

1

This case, brought by Plaintiffs California State Grange, California Forestry Association, and California Cattlemen's Association ("Plaintiffs") challenges the alleged failure of Defendants Gale A. Norton, Secretary of the Interior, the United States Fish and Wildlife Service, and Matthew J. Horgan, Acting United States Fish and Wildlife Service Director (hereinafter collectively referred to as "Defendants") to conduct five-year status reviews for 196 plant animal species found in California and listed as endangered or threatened under the Endangered Species Act ("ESA"), 16 U.S.C. § 1531 et seq.  The Center for Biological Diversity ("Center") and the Friends of Oceano Dunes, Inc. ("Oceano Dunes") have now presented separate Motions to Intervene, either as a matter or right under Rule 24(a) of the Federal Rules of Civil Procedure,[1] or permissively under Rule 24(b).  Both motions seek leave to intervene in the remedial phase of the case, and the Center has also expressed an intent to contest Plaintiffs' standing in this litigation.  Consequently neither of the proposed intervenors seeks to participate in the adjudication of the merits of the instant controversy.

While Defendants have not opposed either motion, Plaintiffs take issue with the Center's intervention request, claiming that it cannot meet the requirements for either mandatory or permissive intervention.  Plaintiffs do not, however, oppose intervention on the part of Oceano Dunes.

An applicant seeking permissive intervention must satisfy

---

[1] Unless otherwise noted, all further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

2

three threshold requirements: 1) the motion must be timely; 2) the court must have an independent basis for jurisdiction over the applicant's claims; and 3) the intervenor's interests must share a common question of law or fact with the main action. Donnelly v. Glickman, 159 F.3d 405, 412 (9th Cir. 1998). The district court has broad discretion to grant permissive intervention if these factors are met. *See* Spangler v. Pasadena City Board of Educ., 552 F.2d 1326, 1329 (9th Cir. 1977).

    The threshold requirement for permissive intervention on the part of both the Center and Oceano Dunes appear to have been satisfied. First, this action was filed on March 23, 2005 and remains in its preliminary stages. Second, intervenors also have common interests in the subject matter of this action. To the extent that Plaintiffs' lawsuit may result in removal of species protection under the ESA, for example, the Center asserts that it has substantial involvement with all 196 of the species at issue, noting that it has filed lawsuits or petitions to list 83 of those species, and has filed 33 lawsuits or petitions aimed at designating critical habitat for 33 of the species concerned. With respect to Oceano Dunes, it claims that the ability of its members to fully utilize the Oceano Dunes State Vehicular Recreational Area is impacted by continued listing of two species, the California Least Tern and the California Brown Pelican under the ESA. Consequently both Plaintiffs and the proposed intervenors share interest in the continued application of the ESA to certain listed species. Finally, because neither intervenor seeks to litigate this matter on its merits, an independent jurisdictional requirements for intevention is not

1  required.  Beckman Indus. v. International Ins. Co., 966 F.2d
2  470, 473 (9th Cir. 1992).
3       Significantly, in opposing the Center's motion, Plaintiffs
4  do not challenge either the timeliness of its application or the
5  requirement that common issues of fact are involved.  Plaintiffs
6  challenge to the propriety of permissive intervention is limited
7  to the remaining requirement for establishing a right to
8  permissive intervention; namely, that a basis for independent
9  jurisdiction be demonstrated.  According to Plaintiffs, the
10 Center cannot establish jurisdiction under the ESA because
11 citizen suits under the ESA are limited to actions which either
12 enjoin a person from violating the provisions of the ESA, or
13 which compel the government to perform certain acts required
14 under the ESA.  Plaintiffs contend that the Center's proposed
15 participation in this action cannot satisfy those requirements
16 because it proposes to defend the government's actions  in
17 continuing to list the species at issue.
18      As stated above, however, where, as here, intervention is
19 not directed to litigating a case on its merits, the requirement
20 of independent jurisdictional grounds is not required.  See id.
21 Hence the grounds advanced for opposing the Center's request for
22 permissive intervention appears unfounded, and as previously
23 indicated Oceano Dunes' motion is unopposed in its entirety.
24 Permissive intervention is therefore appropriate in both
25 instances.
26      In exercising its discretion to allow permissive
27 intervention, the Court believes that parties with competing
28 interests as to the ESA species at issue in this litigation

1  should be heard.  The Center's interests in ensuring full ESA
2  protection would appear to diverge from those of Plaintiffs, who
3  seek to remove species restrictions imposed by the ESA.  In
4  addition, Oceano Dunes has a unique, particularized interest
5  with respect to only two of the 193 species otherwise at issue
6  in this case.  That interest may not be adequately advanced by
7  other parties.
8      In the view of this Court, ensuring that all these
9  competing interests are heard will contribute to the just and
10 equitable resolution of this case.  Consequently permissive
11 intervention will be allowed as to both the Center for
12 Biological Diversity and the Friends of Oceano Dunes, Inc,[2] and
13 the motions presently before the Court are GRANTED.[3]
14     IT IS SO ORDERED.

16 DATED: September 14, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[2] Because the Court has elected to allow permissive intervention as to both the Center and Oceano Dunes, it need not decide whether intervention as a matter of right under Rule 24(a) is also indicated.

[3] Because oral argument would not be of material assistance, this matter was deemed suitable for decision without oral argument.  E.D. Local Rule 78-230(h).

5